UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-411-RJC
(3:11-cr-3-RJC-17)

| | |
|---|---|
| **DEMORRIS LAMAR ANDERSON,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> Respondent. ) <br> _____) | **ORDER** |

**THIS MATTER** is before the Court upon the Government's unopposed motion to stay disposition of this collateral proceeding which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 4). Petitioner is represented by the Federal Defenders of Western North Carolina.

On August 13, 2012, a jury found Anderson guilty of conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), Hobbs Act robbery conspiracy, in violation of 18 U.S.C. §1951(a), attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and carrying a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On September 25, 2013, this Court imposed concurrent 151-month sentences for the conspiracy and attempted Hobbs Act robbery convictions, plus 300 months consecutive for the § 924(c) conviction, for an aggregate sentence of 451 months' imprisonment.

On June 19, 2016, Anderson commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). He challenges his § 924(c) conviction and sentence, arguing that in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), neither conspiracy to commit a Hobbs Act robbery nor

1

attempted Hobbs Act robbery qualify as a "crime of violence" under § 924(c)'s residual clause. In Johnson, the Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process, but the decision did not address the residual clause under § 924(c). See id. at 2563.

The Government has filed the instant Motion to hold this action in abeyance pending a decision by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433. (Doc. No. 4). In that case, the defendant argues that Johnson renders the residual clause of § 924(c)(3)(B) unconstitutionally vague. Ali also involves a conviction for conspiracy to commit a Hobbs Act robbery.

The issues to be decided in Ali may be dispositive of Anderson's claims for relief under Johnson. In light of these factors, and in the absence of opposition from Anderson (Mot. 2, Doc. No. 4), the Court finds it is in the interest of judicial economy to grant the Government's Motion to hold this action in abeyance.

**IT IS, THEREFORE, ORDERED** that the Government's motion to hold Anderson's § 2255 Motion to Vacate in abeyance (Doc. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433. Thereafter, the Government shall have 60 days to file an answer, motion, or other response to Anderson's § 2255 Motion to Vacate.

Signed: May 18, 2017

Robert J. Conrad, Jr.
United States District Judge