UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-411-RJC
(3:11-cr-3-RJC-DSC-17)

| | |
|---|---|
| **DEMORRIS LAMAR ANDERSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Lift Stay, (Doc. No. 10).

Petitioner filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 raising a Johnson v. United States, 576 U.S. 591 (2015) challenge to his conviction for violating 18 U.S.C. § 924(c). (Doc. No. 1). The Court stayed this matter pending the Fourth Circuit Court of Appeals' decision in United States v. Ali, No. 15-4433. (Doc. No. 5). The Court ordered the parties to show cause why the stay should not be lifted pursuant to the United States v. Davis, 139 S.Ct. 2319 (2019) and United States v. Simms, 914 F.3d 229 (4th Cir. 2019). (Doc. No. 7). The Government argued that the case should continue to be stayed pursuant to Ali because the issues in the instant case and Ali are nearly identical. (Doc. No. 8).

On January 5, 2021, Petitioner filed a Supplemental Memorandum in support of the § 2255 Motion to Vacate, (Doc. No. 9), and a Motion to Lift Stay, (Doc. No. 10). Petitioner seeks relief based on new authority including United States v. Taylor, 979 F.3d 203 (4th Cir. 2020) and United States v. Runyon, 983 F.3d 716 (4th Cir. 2020). (Doc. No. 9).

1

On January 19, 2021, the Government filed a Response Opposing the Lifting of the Stay. (Doc. No. 11). The Government argues that a continued stay is warranted pending the filing of a petition for certiorari in Taylor,[1] the United States' acquiescence in a defendant-filed petition that presents the same issue, or the decision of the Acting Solicitor General not to file a petition for certiorari – whichever occurs first. The Government argues that a continued stay is also warranted because the United States has filed a petition for panel rehearing in Runyon[2] as a result of which the issuance of a mandate in Runyon has been stayed.

The Court finds that a stay of these proceedings is in the interest of justice and judicial economy. Petitioner's Motion to Lift Stay will be denied. The Government shall promptly notify the Court of the United States' filing of a petition for certiorari in Taylor or the United States' acquiescence in a defendant-filed petition from another circuit, or the expiration of the Taylor deadline, whichever occurs first.[3]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Lift Stay, (Doc. No. 10), is **DENIED**.

2. The Government shall promptly notify the Court of the United States' filing of a petition for certiorari in Taylor or the United States' acquiescence in a defendant-filed petition from another circuit, or the expiration of the Taylor deadline, whichever occurs first.

---

[1] An extended 150-day deadline applies to a filing of a certiorari petition due to COVID-19.

[2] On January 5, 2021, the United States filed a petition for limited panel rehearing asking the Fourth Circuit, *inter alia*, to remove the statement that "if one predicate offense does not qualify, we would be required to vacate the conviction" from its opinion. Fourth Cir. Case No. 17-5, Doc. 106 (Petition for Rehearing).

[3] The Government has indicated that it will either move to hold the case in abeyance pending a Supreme Court determination on a relevant petition or agree that the stay should be lifted at that time. (Doc. No. 12 at 2).

Signed: February 16, 2021

Robert J. Conrad, Jr.
United States District Judge

3